CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 16 2010

JULIA C. DUDLEY, CLERK
BY: /s/ R. Collins
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

DANIEL E. HEILY, et al.

    Plaintiffs,

v.

WOODCREST PROPERTIES, et al.

    Defendants.

Civil Action No. 5:10-cv-00094

**MEMORANDUM OPINION**

By: Samuel G. Wilson
United States District Judge

This is an action brought by plaintiffs Daniel Heily, Warren Heily, and C.M. Welch against defendant Woodcrest Properties, a Virginia general partnership, and several other defendants associated with the operation of the Englewood Apartments in Staunton, Virginia. The plaintiffs allege violations of 42 U.S.C. §§ 1983 and 1985, as well as several ancillary state law claims. In response, the defendants have moved to dismiss the plaintiffs' claims pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim upon which relief can be granted. Because the plaintiffs have failed to state plausible federal claims under §§ 1983 or 1985, the court grants the defendants' motion to dismiss.

### I.

The plaintiffs' complaint alleges that in July 2004, plaintiffs Daniel Heily and Warren Heily entered into a lease agreement with defendant Woodcrest Properties for an apartment in Staunton, Virginia. Plaintiff Welch apparently lived in the apartment for a time as well, but the parties never formally added her to the written lease agreement.

In June 2010, Woodcrest Properties filed a Summons in Unlawful Detainer in the City of Staunton District Court, seeking to evict Warren Heily and Welch for violating apartment rules

and regulations. Woodcrest Properties included the social security numbers of both residents in its filing with the court.

Prior to the disposition of these proceedings, Daniel Heily mailed Woodcrest Properties a "Notice of Change of Address," indicating that Warren Heily was homeless and that any future court documents should be served on the Secretary of the Commonwealth of Virginia. The plaintiffs allege that the defendants' subsequent filings did not comply with this request. Eventually, however, the parties resolved their issues in the state court, and Warren Heily moved out of the apartment in August 2010. Welch had moved out prior to this date, and Daniel Heily apparently had never taken up residence there.

On September 16, 2010, the plaintiffs filed this current action, alleging numerous "civil rights violations" under 42 U.S.C. §§ 1983 and 1985. The plaintiffs allege that the defendants violated their Due Process rights by: publishing the plaintiffs' social security numbers in a public court filing; improperly naming Welch as a defendant in the eviction suit; failing to serve Warren Heily by mailing documents to the Secretary for the Commonwealth of Virginia; modifying the lease agreement without permission; filing the state court suit in the unregistered trade name of the apartment complex; and having a non-lawyer file the defendants' state court suit. The plaintiffs also bring ancillary claims that are solely dependent on state law, such as a defamation claim and a contract claim alleging that the rent charged by the defendants exceeded the amount allowed by the lease agreement.

On November 15, 2010, the defendants moved to dismiss the plaintiffs' complaint pursuant to Rule 12(b)(6). The plaintiffs were given until December 10 to respond. On December 1, 2010, the plaintiffs requested additional time to answer the complaint.

## II.

The defendants have moved to dismiss the plaintiffs' complaint under Rule 12(b)(6) on the ground that it fails to state plausible claims for relief. The court agrees, and grants the defendants' motion.

To survive a Rule 12(b)(6) motion, the pleading must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) (citation omitted). While the court must accept the claimant's factual allegations as true, Hemi Group, LLC v. City of N.Y., 130 S. Ct. 983, 986–87 (2010), this tenet is "inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Section 1985 imposes civil liability on persons who conspire to deprive a plaintiff of equal protection under the laws. 42 U.S.C. § 1985(3). To survive a motion to dismiss a § 1985 conspiracy claim, a plaintiff must plausibly allege:

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995).

Here, the plaintiffs' complaint suffers from a number of serious defects. First, the complaint is replete with allegations of violations of the Virginia Code, but fails to identify a Due

3

Process liberty or property interest that has been infringed by the defendants. The plaintiffs do not allege that the defendants violated any other federal law or constitutional provision, an element of a § 1983 claim. Without a plausible allegation that the defendants violated the plaintiffs' federal rights, the plaintiffs lack the necessary predicate to bringing a § 1983 suit.

Second, the plaintiffs' complaint fails to identify any actions committed by a "person acting under color of state law." Section 1983 may not be used to remedy the tortious conduct of private parties, unless the private parties are closely aligned with either state actors or state action. See Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 253-54 (1st Cir. 1996). The plaintiffs have failed to identify the source of state authority that contributed to their injuries in this case.

Third, the plaintiffs have not pleaded facts that would support a finding in their favor that a § 1985 violation occurred. The plaintiffs have not alleged facts showing, for example, that the defendants violated any of the plaintiffs federal rights, that any of the defendants possessed a discriminatory animus, or that any injury resulted from the defendants' conduct.

For these reasons, the court finds that the plaintiffs have failed to state plausible claims for relief under §§ 1983 and 1985, and therefore grants the defendants' motion to dismiss pursuant to Rule 12(b)(6).[1]

### III.

For the reasons stated above, the court grants the defendants' motion to dismiss the plaintiffs' complaint. As the plaintiff has not articulated any possible basis upon which the

---

[1] Given the court's resolution of the federal questions presented by this case, the court declines to exercise supplemental jurisdiction over the plaintiff's ancillary state law claims. See 28 U.S.C. § 1367(c)(3).

plausibility of the complaint's claims can be defended, the plaintiffs' motion for additional time to respond to the defendants' motion to dismiss is also denied.

**ENTER**: This December 16th, 2010.

_____
UNITED STATES DISTRICT JUDGE